UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. TURNER,<br>MELINDA J. TURNER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TRINITY FINANCIAL SERVICES, LLC,<br>LAW OFFICE OF DAMIAN G.<br>WALDMAN, P.A.,<br><br>    Defendants. | No. 1:15-cv-01046-SEB-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim.* [Dkt. 12.] On October 14, 2015, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 23.] For the reasons set forth below, the Magistrate Judge recommends Defendants' motion be **GRANTED IN PART** and **DENIED IN PART**.

  **I.**  **Background**

This action arises out of Defendants' allegedly unlawful attempt to collect a mortgage loan debt incurred by Plaintiffs. Plaintiffs allege claims under the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement and Procedures Act ("RESPA") as well as breach of fiduciary duty. Specifically, Plaintiffs allege Defendants sent a letter on July 2, 2014, indicating Plaintiffs owed more than $15,837.21 on their mortgage and threatened foreclosure if the default was not cured. [Complaint, ¶¶ 15-18.] Plaintiffs assert that pursuant to the FDCPA

1

and RESPA, they disputed the alleged debt on September 5, 2014 and October 9, 2014. Defendants failed to respond to Plaintiffs' first request for verification of the debt. [Complaint ¶ 20-22.] On October, 10, 2014, Defendants responded that the earlier letter was incorrect and Plaintiffs owed only $2,591.01. [Complaint ¶ 23-24.] Plaintiffs dispute that they owe any amount on the mortgage. [Complaint ¶ 25.] Defendants now seek dismissal of the action pursuant to Rule 12(b)(6).

## II.     Legal Standard

To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that it "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted). When considering such motions, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The claim must be "plausible on its face." *Twombly,* 550 U.S. 544 at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick,* 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

**III.   Discussion**

   *A.  FDCPA and RESPA Claims*

Defendants first assert Plaintiffs fail to allege sufficient facts to support their FDCPA and RESPA claims. Defendants contend that outside an allegation that Plaintiffs disputed the alleged debt, they failed to provide "any further facts surrounding the alleged 'dispute,' nor does the Plaintiff (sic) attach copies of the alleged 'dispute' correspondence to its (sic) Complaint." [Dkt. 12 at 2-3.] Even a cursory review of the Complaint belies Defendants' assertion.

The Court's focus at this stage of the litigation is whether the claims satisfy the federal notice pleading standards.  Contrary to Defendants' assertions, Plaintiffs allege more than the existence of a disputed debt. The Complaint sets forth the following factual scenario: Plaintiffs received a letter threatening default of their mortgage because they allegedly owed more than $15,000. Plaintiffs disputed the debt via their attorney.  Defendants failed to respond. Plaintiffs disputed the debt a second time. Defendants then respond that the first letter was erroneous and Plaintiffs actually owe approximately $2,500. Plaintiffs maintain they owe nothing on the mortgage. These allegations, Plaintiffs assert, support claims under the FDCPA for using false and misleading representations to collect a debt (§1692e); committing unfair practices to collect a debt (§1692f); failing to validate the debt upon request (§1692g); and a claim under RESPA for failing to acknowledge and respond to Plaintiffs' request for validation of the debt.

The Court recognizes there is a lack of detail to the Complaint. Nevertheless, the allegations here are sufficient to provide Defendants with "fair notice" of Plaintiffs' claims. *Twombly*, 550 U.S. at 555. Plaintiffs identified their claims and the factual scenario upon which they are based. The Court finds these allegations contain more than "[t]hreadbare recitals of the

elements," *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and allege facts sufficient to raise plausible claims under the FDCPA and RESPA.  Therefore, the Magistrate Judge recommends Defendants' Motion to Dismiss be **DENIED** as to the FDCPA and RESPA claims.

### B. *Breach of Fiduciary Duty*

Defendants next assert Plaintiffs' claim for breach of fiduciary duty against Defendant Trinity Financial Services, LLC ("Trinity") should be dismissed because no fiduciary duty existed between Plaintiffs and Trinity.  Defendants are correct that absent special circumstances, a lender does not owe a fiduciary duty to a borrower. *Wilson v. Lincoln Fed. Sav. Bank,* 790 N.E.2d 1042, 1047 (Ind. Ct. App. 2003).  Special circumstances exist when one party has confidence in the other party and is "'in a position of inequality, dependence, weakness, or lack of knowledge.'" *Kruse v. Nat'l Bank of Indianapolis,* 815 N.E.2d 137, 148 (Ind. Ct. App. 2004) (quoting *Paulson v. Centier Bank,* 704 N.E.2d 482, 490 (Ind. Ct. App. 1998)). Additionally, it must be shown that the dominant party improperly influenced the weaker party to gain an "'unconscionable advantage.'" *Id.*  Plaintiffs allege in the Complaint that Trinity, as a loan servicer, had a fiduciary duty to Plaintiffs to properly service their account. [Complaint ¶ 38.]  In their response to the Motion to Dismiss, Plaintiffs argue the fiduciary duty arises from Trinity's statutory duty to validate the debt under the FDCPA and RESPA. When Plaintiffs put Trinity on notice that the debt was disputed, a "special relationship" manifested between the parties triggering Trinity's statutory duty to respond.  [Dkt. 17 at 8.]

Although Plaintiffs provide a reasoned argument in their response, they pleaded the breach of fiduciary claim in conclusory fashion with insufficient allegations upon which the Court can evaluate the relationship between the parties. There is no black-letter law confirming

Trinity's statutory duties under the FDCPA and RESPA trigger a fiduciary relationship where typically none would exist. Plaintiffs note some supportive dicta from courts outside this jurisdiction; however, the Complaint does not allege facts that establish the existence of a fiduciary relationship. For this reason, the Court concludes Plaintiffs have failed to allege a plausible breach of fiduciary duty claim. Consequently, the Magistrate Judge recommends Defendants' Motion to Dismiss be **GRANTED** as to the breach fiduciary duty claim.

### C. Conclusion

Based on the foregoing, the allegations in Plaintiffs' Complaint are sufficient to state claims under the FDCPA and RESPA, but not breach of fiduciary duty.  Therefore, the Magistrate Judge recommends that *Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim* be **DENIED** as to Counts I and II (FDCPA and RESPA) and **GRANTED** as to Count III (Breach of Fiduciary Duty), dismissing the breach of fiduciary duty claim without prejudice. [Dkt. 12.]  Plaintiff may file an amended complaint curing the deficiencies discussed above, if desired, within twenty-one (21) days of the date of this Order.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date:  30 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Damian Waldman
LAW OFFICE OF DAMIAN G. WALDMAN, P.A.
damian@dwaldmanlaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com